Filed 1/16/25  P. v. Miller CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAYSHOUN GLENN MILLER,<br><br>    Defendant and Appellant. | F087691<br><br>(Super. Ct. No. BF177511A)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Appellant Rayshoun Glenn Miller returns to this court for a second time following his convictions by jury of crimes he committed in 2019.  This court previously vacated

---

[*]    Before Peña, Acting P. J., Smith, J. and DeSantos, J.

his sentence and remanded for resentencing in light of then recently-enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) but otherwise affirmed the convictions (*People v. Miller* (March 22, 2023, F082858 [nonpub. opn.]).  The trial court subsequently resentenced appellant, and he now appeals from the judgment entered after his resentencing.

Appointed appellate counsel for appellant has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking this court to review the record to determine whether there are any arguable issues on appeal.  Appellant was advised of the right to file a supplemental brief but has not done so.  After an independent review of the record, we find no arguable error that would result in a disposition more favorable to appellant, but we did locate a typographical error in the abstract of judgment.  We order the abstract of judgment corrected and, as modified, affirm the judgment.

## BACKGROUND

A jury convicted appellant of human trafficking (Pen. Code,[1] § 236.1, subd. (b); count 1); pimping (§ 266h, subd. (a); count 2); and pandering (§ 266i, subd. (a)(1); count 3.)[2]  In a bifurcated court trial, the court found true that appellant had suffered a prior strike offense (§§ 667, subds. (c)-(j); 1170.12, subds. (a)-(e)).

Appellant was sentenced in May 2021.  Appellant requested the court dismiss his strike prior pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, which the court denied.  As to count 1, appellant was sentenced to the upper term of 20 years, doubled to 40 years for the strike prior.  As to counts 2 and 3, appellant was sentenced to the upper term doubled to 12 years for each count, and the court stayed punishment as to both counts pursuant to section 654.  The court also resentenced appellant on a separate Fresno County case—one count of assault with a firearm (§ 245, subd. (a)(2)) with a

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     The facts underlying appellant's convictions are set forth in *People v. Miller* (March 22, 2023, F082858 [nonpub. opn.]).

strike (§ 667, subd. (e))—to a consecutive term of one-third the midterm of two years, for a total prison term of 42 years.

The court further ordered appellant was required to register as a sexual offender pursuant to section 290.  The court imposed a sexual offense fine of $300 (§ 290.3) plus a penalty assessment of $930,[3] a court operations assessment of $40 (§ 1465.8), a conviction assessment of $30 (Gov. Code, § 70373), a restitution fine of $300 (§ 1202.4, subd. (b)); and a parole revocation fine of $300 (§ 1202.45).  Finally, the court awarded custody credits as follows:  536 actual and 536 good and work time, for a total of 1,072 days.

In setting forth its reasons to impose the upper term, the court noted the following circumstances in aggravation:  (1) the victim was particularly vulnerable; (2) the defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission; (3) the defendant unlawfully threatened witnesses or prevented or dissuaded them from testifying; (4) the manner in which the crime was carried out indicated planning, sophistication, or professionalism; (5) the defendant engaged in violent conduct which indicates a serious danger to society as evidenced by the current case and prior convictions for sections 246 and 273.5, subdivision (a); (6) the defendant's prior convictions as an adult and sustained petitions in juvenile delinquency proceedings are numerous; (7) the defendant had served two prior prison terms; (8) the defendant was on postrelease community supervision when the crime occurred; and (9) the defendant's prior performance on felony probation, parole, and postrelease community supervision

---

[3]     Pursuant to the probation report, the penalty assessment comprised of $300 (§ 1464, subd. (a)), $210 (Gov. Code, § 76000, subd. (a)), $30 (Gov. Code, § 76104.6), $120 (Gov. Code, § 76104.7), $150 (Gov. Code, § 70372, subd. (a)), $60 (Gov. Code, § 76000.5), and $60 (§ 1465.7).

was unsatisfactory in that he failed to comply with the terms and reoffended. The court found no circumstances in mitigation applied.

Appellant appealed from the judgment of his conviction, in relevant part arguing that he was entitled to resentencing due to then recently enacted Senate Bill No. 567, which amended the determinative sentencing law to provide for a presumptive middle term absent the presence of circumstances in aggravation, the facts underlying which have either been stipulated to by the defendant or proven beyond a reasonable doubt at trial or, in the case of prior convictions, proven by certified record. (§ 1170, subd. (b)(1) & (2); *People v. Lynch* (2024) 16 Cal.5th 730, 748.)

The Attorney General conceded that remand for full resentencing was appropriate. This court vacated appellant's sentence and remanded the matter for resentencing in light of the amendments to section 1170, subdivision (b). The remittitur was issued June 1, 2023.

Following remittitur, appellant's trial counsel filed a resentencing statement, contending the middle term was the maximum term the court could impose, citing section 1170, subdivision (b), without any additional analysis. Appellant further contended the court could impose the lower term, citing section 1170, subdivision (b)(6) and (7), again without additional analysis.

In the People's resentencing statement, they noted that the court had previously accepted evidence in a court trial of appellant's strike and found it to be true and thus the People would rely on certified records to request the upper term be imposed based on appellant's prior convictions. The People argued that the aggravating factor under California Rules of Court, Rule 4.421(b)(2) that "The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness" applied and justified the upper term. The People set forth appellant's prior convictions as follows: (1) a 2010 felony conviction for shooting at an inhabited dwelling (§ 246), for which he was sentenced to six years in prison; (2) a 2014

4.

felony conviction for infliction of corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)) and misdemeanor conviction for obstruction of justice (§ 148, subd. (a)(1)), for which he was sentenced to 210 days in jail and 36 months' probation, which was subsequently revoked; (3) a 2015 misdemeanor conviction for driving with a suspended license (Veh. Code, § 14601.1, subd. (a)), for which he was sentenced to three years' probation; and (4) a 2017 felony conviction for obstructing or resisting an executive officer (§ 69) and being a felon in possession of a firearm (§ 29800, subd. (a)(1)), for which he was sentenced to four years in prison. The People attached a certified copy of appellant's criminal history.

Probation submitted a letter recommending that the upper term remained warranted. Probation noted that while the middle term was now the presumptive term, several aggravating factors applied which were "historical factors relating to the defendant's prior record or performance obtained from a certified criminal history" and as such, did "not need to be pled and proven to be taken into consideration for selection of the upper term." These factors included: (1) "[t]he defendant has engaged in violent conduct, which indicates a serious danger to society as evidenced by the current case and his prior convictions for PC 246 and PC 273.5(a)";[4] (2) "[t]he defendant's prior convictions as an adult and sustained petitions in juvenile delinquency proceedings are numerous"; (3) "[t]he defendant has served two prior prison terms"; (4) "[t]he defendant was on Post Release Community Supervision when the crime was committed"; and (5) "[t]he defendant's prior performance on felony probation, parole, and Post Release Community Supervision was unsatisfactory in that he failed to comply with terms and re-offended."

---

[4] Probation initially noted this factor was not pled and proven and could not be considered, but at the resentencing sentencing changed its position.

5.

Appellant's resentencing was conducted on January 30, 2024. The court indicated it had read and considered the parties' statements and probation's letter. The People moved to admit certified copies of appellant's "RAP sheet" and a California Department of Motor Vehicles image for appellant, to which appellant's counsel objected. The court noted that these documents were already admitted into evidence in appellant's court trial on his prior conviction as Exhibits 45 and 46, and additionally Exhibit 44, a CDCR packet and therefore it was unnecessary to mark and move additional documents. The parties submitted the matter.

In ruling, the court relied on *People v. Sandoval* (2007) 41 Cal.4th 825, 836 "for the proposition that the right to a jury trial and proof beyond a reasonable doubt does not apply to the aggravating fact of a prior conviction." The court went on, "even if that is no longer the case pursuant to S[B] 567, I will note that these are recidivism-related factors that the Court is considering in that again the right to a jury trial the California Supreme Court has found does not extend there [citing *People v. Towne* (2008) 44 Cal.4th 63, 81] and a judicial determination of these factors does not require fact finding on the charged offense."

The court stated it found "there are sufficient aggravating factors pursuant to the California Rules of Court as well as [section] 1170 that would justify probation's recommendation and I do plan on following probation's recommendation." The court found that the aggravating factors outweighed the mitigating factors, noting it was not taking into consideration the prior strike conviction so as not to violate the prohibition on dual use, and concluded "there is sufficient criminal history to justify the recidivism rate related aggravating factors" and would be following probation's recommendation. The court imposed the same sentence it originally imposed.

Probation reported on the record that appellant's custody credits were 1,538 actual and 536 good and work time, for a total of 2,074 days, with CDCR "to calculate any good and work credit between May 5, 2021 and today's date." The court responded, "And

6.

CDCR is ultimately going to calculate his credits for a number of reasons but I will direct them to calculate the good and work credits as noted on the record by [probation.]"

## DISCUSSION

We have reviewed the record under *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106. Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case. We have summarized the crimes of which appellant was convicted, and the punishment imposed. (*Kelly*, at p. 110.) Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to appellant.

We have, however, identified a typographical error in the abstract of judgment that must be corrected. On page two, in item No. 13, the abstract indicates "AS TO COUNT 1, DEFENDANT TO PAY $1,230**0**.00 PURSUANT TO PC 290.3." (Emphasis added.) It appears an additional "0" was inadvertently added to the dollar amount, as the total fine plus assessments is $1,230 (base fine of $300 plus $930 in penalty assessments), as imposed by the court, as well as set forth in the original abstract of judgment. The abstract of judgment should be amended to reflect the oral pronouncement of judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [courts may correct clerical errors at any time and a reviewing court may order correction of an abstract of judgment that did not accurately reflect the oral pronouncement of judgment].) We otherwise affirm the judgment.

## DISPOSITION

The abstract of judgment is amended as follows: on page 2, in item No. 13, "AS TO COUNT 1, DEFENDANT TO PAY $1,2300.00 PURSUANT TO PC 290.3" is changed to "AS TO COUNT 1, DEFENDANT TO PAY $1,230.00 PURSUANT TO PC 290.3." The superior court is directed to prepare an amended abstract of judgment with this modification and to forward a certified copy to the appropriate parties. As so modified, the judgment is affirmed.